IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SCOTT M. BURLEY, <br> individually and on behalf of all <br> similarly-situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> MID-SOUTH MACHINE and <br> MAINTENANCE, INC., and RICKY <br> BUTLER AND DONNA BUTLER, <br> individually, <br><br> Defendants. | Civil No.:_____ <br><br> COLLECTIVE ACTION COMPLAINT <br> FOR VIOLATION OF THE FAIR LABOR <br> STANDARDS ACT OF 1938 |

## COMPLAINT

Comes Scott M. Burley and files this lawsuit against the Defendants, Mid-South Machine and Maintenance, Inc., and Ricky Butler and Donna Butler, individually, on behalf of himself and all others similarly-situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), and for their cause of action would state as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against Mid-South Machine and Maintenance, Inc., and Ricky Butler and Donna Butler, individually, (hereinafter referred to as "Defendants"), pursuant to the collective action provision of the FLSA found at §216(b), for legal relief to redress unlawful violations of Plaintiff's rights under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), which have deprived the Plaintiff, as well as others similarly-situated to Plaintiff, of their lawful wages.

2. Other current and former employees of Defendants are also entitled to receive their proper hourly unpaid wages and/or overtime compensation for the reasons alleged in this Complaint. Plaintiff is permitted to maintain this action "for and on behalf of [himself] and other employees similarly-situated." 29 U.S.C. §216(b).

3. This action is brought to recover unpaid hourly and overtime compensation owed to Plaintiff and all current and former employees of Defendants who are similarly-situated to Plaintiff, pursuant to the FLSA. Plaintiff and the collective group of similarly-situated employees are, or have been, employed by Defendants as machinists, machinist helpers, fabricators, welders and laborers performing services in the Middle Tennessee, Western Tennessee, and in surrounding areas within the three year period prior to the filing of this Complaint through the present.

4. During the three year period prior to the filing of this Complaint through the present, Defendants committed violations of the FLSA by requiring and/or suffering or permitting their non-exempt employees, including Plaintiff, to routinely work more than 40 hours per week without payment of overtime compensation.

5. Plaintiff and all similarly-situated employees who elect to participate in this action seek unpaid overtime and other compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

## II. THE PARTIES

### A. THE PLAINTIFF

6. Plaintiff Scott M. Burley currently resides in Murfreesboro, Tennessee and is a citizen of the United States. Within the last three year period, Plaintiff Burley was employed by Defendants

as a machinist and machinist's helper from approximately February of 2016 through March of 2017.

7. During this employment with Defendants, Plaintiff worked as an hourly paid, non-exempt employee who routinely worked more than 40 hours each workweek. Even though he was non-exempt and worked a substantial number of overtime hours, Defendants failed to pay Plaintiff all the lawful overtime compensation to which Plaintiff was due as required by the FLSA.

8. At all times material to this action, Plaintiff and all similarly-situated members of this collective action were "employees" of Defendant Mid-South Machine and Maintenance, Inc., as defined by §203(e)(1) of the FLSA.

9. At all times material to this action, Plaintiff and all similarly-situated members of this collective action were "employees" of Defendant Ricky Butler as defined by §203(e)(1) of the FLSA.

10. At all times material to this action, Plaintiff and all similarly-situated members of this collective action were "employees" of Defendant Donna Butler as defined by §203(e)(1) of the FLSA.

11. Plaintiff worked for Defendants within the territory of the United States within the three-year period preceding the filing of this lawsuit.

12. Plaintiff was covered by the overtime provisions of §207 of the FLSA for the period during which he was employed by Defendants, and was thus entitled to receive overtime pay for hours worked in excess of 40 in a workweek.

**B. THE DEFENDANTS**

13. Defendant Mid-South Machine and Maintenance, Inc., is incorporated under the laws of the state of Tennessee, with its principal office located in Murfreesboro, Tennessee.

14. Defendant Mid-South Machine and Maintenance, Inc., is a privately owned company which provides precision machining, fabrication, welding, maintenance and other services in Tennessee.

15. Throughout the three year period prior to the filing of this Complaint, Defendant, Mid-South Machine and Maintenance, Inc. employed and paid the Plaintiff and all other similarly-situated employees on an hourly basis.

16. Throughout the three year period prior to the filing of this Complaint, Defendants Ricky and Donna Butler were owners and/or co-owners of Mid-South Machine and Maintenance, Inc.

17. During this three year period, Defendant Ricky Butler was the CEO, and Defendant Donna Butler was the President of Mid-South Machine and Maintenance, Inc. Ricky and Donna Butler exercised operational control over all aspects of Defendant Mid-South Machine and Maintenance, Inc.'s business operation.

18. Defendants Ricky and Donna Butler hired and fired employees, or had the authority to hire and fire them, established pay levels and compensation policies for employees of Mid-South Machine and Maintenance, Inc., and made other decisions which affected the terms and conditions of work for Plaintiff and other similarly-situated hourly employees.

19. Defendants Ricky Butler and/or Donna Butler made the decisions: 1) to not pay the Plaintiff and similarly-situated employees overtime pay for all hours worked in excess of 40 in a workweek; 2) to not pay them for all hours worked; 3) to falsify and alter their timecards to reduce their compensable hours worked; and 4) to not include all compensation earned by them when

4

calculating their regular rates of pay for purposes of calculating their overtime pay.

20. Throughout the recovery period applicable to this action, Defendants Ricky Butler and Donna Butler knew that the law required that hourly-paid employees of the Defendants receive overtime pay for all hours worked in excess of forty hours in a workweek.

21. Defendants are subject to personal jurisdiction in the state of Tennessee for purposes of this lawsuit.

22. At all times material to this action, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA, and have had an annual gross volume of sales which has exceeded $500,000.

23. At all times material to this action, Defendants have been "employers" of Plaintiff as defined by §203(d) of the FLSA, as well as "employers" of all other hourly-paid employees similarly-situated to Plaintiff.

24. The overtime provisions set forth in §207 of the FLSA apply to the Defendants.

### III. JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction); and 29 U.S.C. §216(b) (FLSA).

26. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c).

### IV. VIOLATIONS OF THE FLSA

#### A. Defendants' failure to pay overtime compensation

27. Defendants have intentionally and repeatedly engaged in the practice of improperly and unlawfully failing to pay Plaintiff and similarly-situated hourly employees all the overtime pay

5

to which they were entitled in violation of the provisions of the FLSA and corresponding federal regulations.

28.     Defendants have intentionally and repeatedly engaged in the practice of paying their hourly-paid employees, including Plaintiff, at their regular hourly rate of pay for hours worked in excess of 40 per week, instead of at the required rate of time and one-half their regular hourly rate of pay, in violation of the provisions of the FLSA and corresponding federal regulations.

29.     Plaintiff typically worked more than 40 hours per week for Defendants, but was not paid at time and one-half his regular hourly rates as required by the FLSA for all of the overtime hours he worked.

30.     By way of example, for the pay period beginning Thursday, December 15, 2016, and ending Wednesday, December 21, 2016, Plaintiff's pay stub indicates that he worked 45:30 hours for the week. That same pay stub shows that Defendants did not pay any overtime compensation to Plaintiff for the hours he worked in excess of 40 during that workweek. A true and accurate copy of the pay stub issued to Plaintiff by the Defendants for the pay period of December 15, 2016 through December 21, 2016 is attached as Exhibit A.

31.     By way of example, for the pay period beginning Thursday, January 19, 2017, and ending Wednesday, January 25, 2017, Plaintiff's pay stub indicates that he worked 56 hours for the week. That same pay stub shows that Defendants did not pay any overtime compensation to Plaintiff for the hours he worked in excess of 40 during that workweek. A true and accurate copy of the pay stub issued to Plaintiff by the Defendants for the pay period of January 19, 2017 through January 25, 2017, is attached as Exhibit B.

32. During the three year period prior to the filing of this action, Defendants routinely paid hourly employees, including the Plaintiff, at their regular hourly rates of pay for hours worked in excess of 40 per week, instead of at the required rate of time and one-half their regular hourly rate of pay.

### B. Defendants' failure to capture all hours worked in a workweek

33. During the three year period prior to the filing of this action, Defendants paid their hourly employees weekly.

34. During the three year period prior to the filing of this action, Defendants' workweek ran from Thursday through Wednesday.

35. Defendants handled their own payroll internally, and typically paid their employees on Fridays.

36. Employees were often prevented from clocking out at the end of their workday on Wednesdays because Defendants had already pulled their timecards in order to begin preparing payroll.

37. When employee timecards were prematurely pulled before the end of their workday on Wednesdays, Defendants often falsely recorded that their employees' workdays ended earlier than they actually did, resulting in understating their employees' compensable hours for the day and for the workweek.

38. Defendants' practice of prematurely pulling timecards on Wednesdays and recording an inaccurately early clock-out time often resulted in depriving employees, including the Plaintiff, of additional overtime pay to which they were entitled under the FLSA in violation of 29 U.S.C.

§207(a)(1).

39.     A true and accurate image of Plaintiff's timecard for the pay period of March 17, 2016 through March 23, 2016, is attached as Exhibit C. This timecard contains only a single clock-in time of 5:15 a.m. for Plaintiff on Wednesday, March 23, 2016, because Defendants pulled his timecard after Plaintiff clocked in at the start of his day, preventing him from accurately clocking out at the end of his workday.

40.     During part of the three year period preceding the filing of this action, Plaintiff and other hourly employees of Defendants frequently traveled from Defendants' shop located in Murfreesboro, Tennessee, to work at the Toyota-Bodine plant in Jackson, Tennessee.

41.     Plaintiff and other employees would typically meet at Defendants' shop in Murfreesboro, Tennessee, on Sunday evening where they would load the company truck with tools and material and, if needed, the company trailer.

42.     Plaintiff and other employees would then drive to Jackson, Tennessee, where they would check into a hotel so they were ready to start working at the Toyota-Bodine plant the first thing Monday morning.

43.     After working all week at the Toyota-Bodine plant, Plaintiff and other employees would typically load and drive the company truck (and sometimes trailer) back to Defendants' shop in Murfreesboro, Tennessee, on Friday evening after work where they would unload the company truck and/or trailer, and then drive to their homes.

44.     The time spent by Plaintiff and other employees loading Defendants' truck and/or trailer, and transporting workers, tools and materials to and from Jackson, Tennessee on Sundays,

8

Fridays, and other days, was an integral and indispensable part of the job duties they performed for and on behalf of Defendants.

45. Defendants often failed to pay Plaintiff and other employees for the time they spent loading and unloading Defendants' truck and trailer, and for transporting workers, tools and materials to and from Jackson, Tennessee, thereby depriving them of additional overtime pay to which they were entitled under the FLSA in violation of 29 U.S.C. §207(a)(1).

46. Alternatively, Defendants paid Plaintiff and other employees for only a portion of the time they spent loading and unloading Defendants' truck and trailer, and for transporting workers, tools and materials to and from Jackson, Tennessee, thereby depriving them of additional overtime pay to which they were entitled under the FLSA in violation of 29 U.S.C. §207(a)(1).

### C. Defendants' falsification of time records

47. During the three year period prior to the filing of this action, Defendants hourly employees often clocked-in and out, with time cards, on a time clock located at Defendants' shop in Murfreesboro, Tennessee.

48. On those occasions when they clocked-in, the timecards used by Defendants' hourly employees captured the time when they clocked-in upon arrival at work, clocked-out for lunch, clocked-in from lunch, and clocked out at the end of their work day.

49. During the three year period prior to the filing of this action, on Wednesdays and/or Thursdays of each week Defendant Donna Butler (and sometimes others) manually tallied the hours worked each day by Defendants' employees on a blank space located on each employee's time cards.

50. Defendants' employees were typically paid on Fridays of each week.

51. A true and accurate copy of Plaintiff's timecard for the pay period of Thursday May 5, 2016 through Wednesday May 11, 2016 is attached as Exhibit D.

52. Exhibit D contains the hand-written notations and calculations which were written by Defendant Donna Butler in the left-hand margin of Exhibit D.

53. Defendants regularly and routinely intentionally understated the hours worked by Plaintiff and other similarly-situated hourly employees when manually computing their hours worked in order to deprive them of their lawful regular and overtime pay.

54. By way of example, on Thursday, May 5, 2016, Plaintiff was unable to clock-in because he was working off-site away from Defendant's shop in Murfreesboro, Tennessee, such that he was unable to clock-in and out on the timeclock. Plaintiff actually worked, and reported to Defendants that he worked, 9.5 hours on Thursday, May 5, 2016. However, when writing-in Plaintiff's time on his timecard, Defendants recorded that Plaintiff worked only 8.5 hours, deliberately understating his total hours worked and cheating Plaintiff out of an hour of overtime pay.

55. Throughout the three year period prior to the filing of this Complaint through the present, Defendants deliberately understated the hours worked by Plaintiff and other similarly-situated hourly employees by always rounding their recorded start and stop times to the nearest quarter of an hour in the Defendants' favor when computing their hours worked for each day.

56. By way of example, as illustrated by Exhibit D, on Friday, May 6, 2016, Plaintiff clocked-in at 9:52 a.m., and clocked-out at 3:45 p.m. for the day. Instead of rounding Plaintiff's start time down to 9:45 a.m., Defendants rounded his start time up to 10:00 a.m., resulting in a payment of

5.50 hours for the day, instead of the 5.75 hours to which Plaintiff was entitled, thereby underpaying Plaintiff by 15 minutes for the day.

57. By way of further example, as illustrated by Exhibit D, on Saturday, May 7, 2016, Plaintiff clocked-in at 7:00 a.m., and clocked-out at 3:39 p.m. for the day. Instead of rounding Plaintiff's stop time up to 3:45 p.m., Defendants rounded his start time down to 3:30 p.m., resulting in a payment of just 8 hours for the day, instead of the 8.25 hours to which Plaintiff was entitled, thereby underpaying Plaintiff by 15 minutes for the day.

58. While the FLSA permits rounding of an employee's starting and stopping times to the nearest quarter hour, it requires that rounding of hours worked be done in a fair manner both up and down such that it "averages out so that the employees are fully compensated for all the time they actually work." 29 C.F.R. §785.48.

59. By always rounding Plaintiff's and similarly-situated employees' starting and stopping times in their favor, Defendants engaged in an illegal rounding system and thereby intentionally deprived them of significant amounts of regular and overtime pay in violation of the FLSA.

### D. Defendants' failure to properly calculate overtime pay

60. The FLSA requires that total compensation earned during the workweek be included when computing employees' regular rate of pay for purposes of calculating their overtime pay. 29 C.F.R. §778.109.

61. Defendants agreed to pay Plaintiff and similarly-situated employees a premium on their regular hourly rate of pay for working second or third shifts, and for working out of town.

11

62. From time to time, Defendants paid bonuses to Plaintiff and similarly-situated employees based on performance.

63. Although Defendants failed to pay Plaintiff and similarly-situated employees their lawful overtime pay for all hours worked in excess of 40 in a workweek, on those occasions when Defendants did pay overtime, Defendants did not include all compensation earned by Plaintiff and similarly-situated employees when determining their regular rate of pay.

64. By way of example, as illustrated by <u>Exhibit D</u>, for the pay period beginning Thursday, May 5, 2016 and ending Wednesday, May 11, 2016, Plaintiff's pay stub indicates that he was paid for 11.5 hours of overtime for the week, and was also paid an extra $4.00 an hour as a premium for working 17.5 hours on an out-of-town job.

65. <u>Exhibit D</u> further illustrates that the premium pay of $70 which Plaintiff received for the pay period was excluded from Plaintiff's regular rate of pay for purposes of calculating the 11.5 hours of overtime compensation he received.

66. By failing to include all compensation earned in calculating the Plaintiff's and similarly-situated employees' regular rates of pay, Defendants intentionally deprived them of the lawful overtime pay they were due in violation of the FLSA.

### E. Lunches

67. The FLSA permits employers to exclude bona fide meal periods of 30 minutes or more from employees' compensable hours of work provided the employees are completely relieved from duty for 30 minutes or more. 29 C.F.R. §785.19.

68. During the three year period prior to the filing of this action, Defendants regularly and

12

Case 3:18-cv-00059 Document 1 Filed 01/18/18 Page 12 of 16 PageID #: 12

routinely deducted 30 minutes from the Plaintiff's and similarly-situated employees work day even though they did not take an uninterrupted 30 minute meal period.

69. By way of example, as illustrated by <u>Exhibit D</u>, Defendants hand-written calculations of hours worked by the Plaintiff show that Defendants deducted a full 30 minutes from Plaintiff's compensable hours worked for Saturday, Monday and Tuesday even though Plaintiff's time punches indicate Plaintiff had not received an uninterrupted 30 minute meal period on any of those days.

70. By regularly and routinely deducting 30 minutes from the Plaintiff's and similarly-situated employees' work day even though they did not take an uninterrupted 30 minute meal period, Defendants deprived them of the lawful overtime pay they were due in violation of the FLSA.

### V. SCOPE OF DEFENDANTS' LIABILITY

71. On information and belief, there are other similarly-situated present and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present action. Those similarly-situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all current and former hourly-paid employees should be notified who, at any time during the three years preceding the filing date of this Complaint, up through and including the date of this Court's issuance of court-supervised notice, have been "suffered or permitted to work" for Defendants without receiving their proper and lawful wages.

72. Throughout the recovery period applicable to this action, Defendants Ricky Butler and Donna Butler exercised operational control over the business activities and operations of Mid-South Machine and Maintenance, Inc., including control over the terms and conditions of

employment of their hourly-paid employees.

73. In particular, Defendants Ricky Butler and Donna Butler directed and controlled work performed by the Plaintiff and all similarly-situated employees who worked for them, or had the right to direct and control their work.

74. During the recovery period applicable to this action, Defendants Ricky Butler and Donna Butler implemented, approved, and/or ratified the illegal policies and practices set forth and described above and were fully aware that such policies and practices violated the law.

75. Accordingly, Defendants Ricky Butler and Donna Butler acted "directly or indirectly in the interest of an employer in relation to" the named Plaintiff and similarly-situated employees within the meaning of §203(d) of the FLSA, and are thus individually and personally liable for the unpaid wages, liquidated damages, costs and attorneys' fees, and all other relief sought herein.

## VI. COUNT ONE

76. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-75 herein. By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

77. Defendants willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by endeavoring to prevent the proper compensation of Plaintiff and other present and former, similarly-situated employees in accordance with §207 of the FLSA.

78. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all other similarly-situated employees, have suffered damages by failing to receive their lawful overtime

wages in accordance with §207 of the FLSA.

79. Defendants have made no good faith efforts to comply with the FLSA with respect to their compensation of Plaintiff or other similarly-situated employees.

80. Defendants' willful conduct is evidenced by its treatment of Plaintiff as set forth and described above.

81. As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly-situated to Plaintiff have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

82. Pursuant to 29 U.S.C. §216(b), a Consent to participate in this action signed by the Plaintiff is attached hereto as <u>Exhibit E</u>.

## **PRAYER FOR RELIEF**

83. WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly-situated persons, pursuant to §216(b) of the FLSA, prays for the following relief:

A. That at the earliest possible time, he be allowed to give notice, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed as hourly workers for the Defendants. Such notice shall inform them that this action has been filed, the nature of the action, and of their right to opt into this lawsuit pursuant to 29 U.S.C. §216(b).

15

Case 3:18-cv-00059   Document 1   Filed 01/18/18   Page 15 of 16 PageID #: 15

B. That the Plaintiff, and all similarly-situated employees, be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment interest;

C. Reasonable attorneys' fees;

D. The costs and expenses of this action; and

E. Such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

HOWELL LAW, PLLC

/s/ Trevor Howell
Trevor Howell, TN Bar # 9496
Customs House
701 Broadway, Suite 401
Box 17, Nashville TN 37203
Trevor@howelllawfirmllc.com

DICKINSON WRIGHT PLLC

/s/ Peter F. Klett
Peter F. Klett, TN Bar #12688
R. Cameron Caldwell, TN Bar #29084
Fifth Third Center
424 Church Street, Suite 800
Nashville, TN 37219-2392
Tel.:  615.244.6538
pklett@dickinsonwright.com
ccaldwell@dickinsonwright.com

NASHVILLE 77860-1 627818v1

16